UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

JOHN SAFFIOTI,

        Plaintiff,

v.                                  Case No: 2:17-cv-143-FtM-29CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

                          **OPINION AND ORDER**

     This matter came before the Court on consideration of a Report and Recommendation (Doc. #29), filed on January 7, 2019. On January 23, 2019, finding no objections, the Court adopted the Report and Recommendation by Opinion and Order (Doc. #30), reversed the Decision of the Commissioner, and remanded to the Commissioner for further proceedings.  Judgment (Doc. #32) was entered on January 25, 2019.

     The Commissioner moved to vacate the Opinion and Order and the Judgment, and to allow late filing of objections. (Doc. #33.) The Court granted this relief to the extent that objections were permitted to be filed, and plaintiff was provided the opportunity to respond.  (Doc. #35.)  The Commissioner filed Objections (Doc. #34) on February 8, 2019, and plaintiff filed a response to the Objections (Doc. #36) on February 26, 2019.

# I.

Plaintiff applied for disability insurance benefits alleging that his disability began on August 29, 2012, due to a back injury, hernia recovery, severe leg pain, and depression. In due course, Administrative Law Judge (ALJ) Ramon Suris Fernandez found that plaintiff was not disabled from August 29, 2012, through the date of the Decision.

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since August 29, 2012, the alleged onset date. At step two, the ALJ found that plaintiff had severe impairments including degenerative disc disease, status post lumbar fusion, status post hernia repair, and depression. At step 3 the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. #22-2, Tr. 24.)

The ALJ found that plaintiff had a residual functional capacity (RFC) to perform a limited range of light work, except that he could not work with ladders, ropes, or scaffolds, or machinery on unprotected heights. The ALJ found that plaintiff could occasionally kneel, crawl, and crouch, and he could frequently reach overhead with the right upper extremity. Plaintiff was limited to simple and routine tasks and short and simple work instructions. (Doc. #22-22, Tr. 25-26.) The ALJ

found that plaintiff did not have more than a mild limitation in daily living, mild limitation in social functioning and moderate limitation in concentration, persistence or pace. (Id., Tr. 25.)

At step four the ALJ found plaintiff was unable to perform any past relevant work. At step five the ALJ concluded that there were jobs that exist in significant numbers in the national economy that plaintiff could perform, and identified the jobs of cafeteria attendant, counter attendant, and information clerk. (Id., Tr. 28-29.) Based on the testimony of the vocational expert, whose opinion the ALJ determined was consistent with the information in the Dictionary of Occupational Titles, the ALJ found that plaintiff could adjust to other work and was therefore not disabled. (Id., Tr. 29.)

**II.**

Since the Commissioner's objections only relate to the step five determination, that is the only portion of the Report and Recommendation which the court will summarize.

The Report and Recommendation correctly stated the step five burdens:

> At step five of the sequential evaluation process, the burden shifts to the Commissioner to produce evidence there is other work available in significant numbers in the national economy that the claimant can perform given his RFC. [ ] If the Commissioner can produce evidence of jobs available in significant numbers in the national economy that Plaintiff can perform, the burden shifts

>    back to Plaintiff to prove he cannot perform
>    the jobs identified by the Commissioner. [ ]

(Doc. #29, p. 14) (internal citations omitted).  The Report and Recommendation recommended a finding that substantial evidence did not support the ALJ's step five determination.  (Id. at 15.)

The Report and Recommendation correctly stated the standard for determining whether a claimant can perform such other work at step five:

> The ALJ must consider the claimant's RFC, age, education and work experience to determine whether the claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, "the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ may consider the DOT, which is published by the Department of Labor. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000); see DOT, Occupational Definitions (4th ed., rev. 1991). The ALJ also may consider the testimony of a VE as a source of occupational evidence. SSR 00-4p, 2000 WL 1898704. "[I]n order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.7 (11th Cir. 2004) (quoting Jones, 190 F.3d at 1229). The ALJ has an affirmative duty to "ask about any possible conflict between [the VE's testimony] and information provided in the DOT." SSR 00-4p, 2000 WL 1898704.

(Id.)

The ALJ, relying on the testimony of a vocational expert, found that jobs exist in significant numbers in the national

economy which plaintiff could perform given his RFC. The vocational expert cited, and the ALJ relied upon, the jobs of cafeteria attendant, counter attendant, and information clerk. In response to a direct question, the vocational expert testified that his testimony was consistent with the DOT, and the ALJ made such a finding. As the Magistrate Judge found however, the testimony was not consistent with the DOT. (Doc. #29, pp. 17-20.) The Magistrate Judge concluded that "[in light of recent Eleventh Circuit case law, the Court recommends the ALJ erred in failing to resolve the apparent conflict between the VE's testimony and the DOT." (Doc. #29, p. 17.) The Magistrate Judge also found that it was unclear whether the vocational expert appropriately reduced the job numbers, and therefore found that substantial evidence did not support the ALJ's step five determination.

## III.

The Commissioner raises two objections to the Report and Recommendation. The Commissioner asserts that (1) there was no apparent conflict between the ALJ's residual functional capacity finding and the DOT for the two jobs (cafeteria attendant and counter attendant) which have a reasoning level of two; and (2) there is no need for clarification as to the number of jobs.

**A. Apparent Conflict With DOT**

At the hearing, the ALJ presented the vocational expert with a hypothetical question which included a person being limited to

simple and routine tasks and short and simple instructions. (Doc. #22-2, Tr. 65.) The vocational expert concluded that plaintiff would not be able to do the past relevant work as a carpenter or foreman based on such restrictions, but that jobs existed at the light level that plaintiff could do. The vocational expert testified that plaintiff could be a cafeteria attendant, an unskilled position with a reasoning level of 2. Another job was a counter attendant[1], also unskilled with a reasoning level of 2. The last one was information clerk[2], with the same light, unskilled, and reasoning level of 2 characteristics. (Id., Tr. 64-65.)

The relevant conflict is between the vocational expert's testimony and the information in the DOT. A reasoning level of 2 requires an ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." The Commissioner argues that a reasoning level of 2 does not present a conflict with the

---

[1] The job with the provided DOT code is called a counter clerk not counter attendant. (Doc. #22-2, Tr. 64.)

[2] The Magistrate Judge assumed that the vocational expert made an error in identifying the type of information clerk job as clerical because it has a reasoning level of 4, and that he meant to state information clerk (transportation) with a DOT Code of 237.367-018 and reasoning level of 2. (Doc. #29, p. 17, n.8.)

restriction to simple instructions because it is limited to "uninvolved" instructions.

The Court agrees with the magistrate judge that there is a conflict between the DOT and the testimony of the vocational expert, despite his testimony to the contrary. Even if not evident at the time of the testimony, the Magistrate Judge correctly noted that the ALJ had an obligation to resolve the conflict when discovered. "[I]f a conflict is reasonably ascertainable or evident, the ALJ is required to identify it, ask about it, and resolve it in his opinion. We take the word 'apparent' to mean 'seeming real or true, but not necessarily so.'" Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1366 (11th Cir. 2018) (citations omitted). The ALJ did not discuss or acknowledge the conflict in his decision. In light of this deficiency, a remand is required. The objection is overruled.

### B. Number of Jobs Plaintiff Could Perform

The vocational expert testified that plaintiff could be a cafeteria attendant with over 400,000 jobs in the national economy, a counter attendant with over 470,000 jobs in the national economy, and an information clerk with 230,000 jobs in the national economy. (Id., Tr. 64-65.) The Magistrate Judge found it was difficult to determine whether the vocational expert reduced the numbers to account for part-time positions and positions outside of plaintiff's residual functional capacity. The Magistrate Judge

found other uncertainties and recommended remand for clarification.

The Commissioner objects to plaintiff's exhibits that he attached from Job Browser Pro because it is new evidence and cannot be considered under a sentence four remand, and the evidence does not meet the requirements for remand under sentence six. Plaintiff responds that the Magistrate Judge did not rely on the evidence in concluding that the vocational expert was unreliable. The Court agrees with plaintiff, and overrules the objection.

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Commissioner's Objections (Doc. #34) are **OVERRULED**.

2. The Report and Recommendation (Doc. #29) is **accepted and adopted** and the Opinion and Order (Doc. #30) and Judgment (Doc. #32) shall remain as entered.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record